# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 12-310V
### (Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * * * *
                                              *
                                              *
BRANDY CARPENTER, *parent of*                 *
A. H., *a minor*,                             *          Filed:  December 29, 2014
                                              *
Petitioner,                                   *
                                              *
v.                                            *          Decision; Attorneys'
                                              *          Fees & Costs
SECRETARY OF HEALTH AND                       *
HUMAN SERVICES,                               *
                                              *
Respondent.                                   *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * * * * *

*William E. Cochran, Jr.*, Black McLaren Jones Ryland & Griffee, PC, Memphis, TN, for Petitioner.

*Gordon Shemin*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEYS' FEES AND COSTS DECISION[1]

On May 11, 2012, Brandy Carpenter filed a petition on behalf of A.H., her minor child, seeking compensation under the National Vaccine Injury Compensation Program.[2] On November 20, 2014, Petitioner filed a motion requesting a decision dismissing this case. I subsequently issued a decision dismissing this case for insufficient proof.

---

[1] Because this ruling contains a reasoned explanation for my action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) provides that each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the ruling will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended, 42 U.S.C.A. § 300aa-10 – 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

On December 23, 2014, the parties filed a stipulation regarding attorneys' fees and costs. The parties have stipulated that Petitioner's counsel should receive a sum of $52,751.36 divided among Petitioner's current and former counsel. Petitioner's current counsel (William E. Cochran, Jr.) should receive a lump sum of $33,500.00 for attorneys' fees and costs in the form of a check payable to Petitioner and Petitioner's current counsel. Petitioner's former counsel (Ronald C. Homer of Conway, Homer & Chin-Caplan, P.C.) should receive a lump sum of $19,251.36 for attorneys' fees and costs in the form of a check payable to Petitioner and Petitioner's former counsel. These amounts represent sums to which Respondent does not object. In addition, in compliance with General Order #9, Petitioner has represented that she did not personally incur any reimbursable costs in proceeding on this petition.

I approve the requested amounts for attorneys' fees and costs as reasonable. Accordingly, an award of $33,500.00 should be made in the form of a check payable jointly to Petitioner and Petitioner's current counsel, William E. Cochran, Jr., and an award of $19,251.36 should be made in the form of a check payable jointly to Petitioner and Petitioner's former counsel, Ronald C. Homer of Conway, Homer & Chin-Caplan, P.C. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.